**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LUIS DAZA, et al.,

 Plaintiffs,

v.              Case No: 8:13-cv-3259-T-30JSS

TOTAL QUALITY LOGISTICS, LLC
and KENNETH G. OAKS,

 Defendants.

## ORDER

 THIS CAUSE comes before the Court on Defendants' Motion to Deny Collective and Class Certification (Dkt. #62), Plaintiffs' Response to the Motion (Dkt. #70), and Defendants' Reply (Dkt. #80). The Court has reviewed the filings and the relevant law and concludes that the Motion to Deny Collective and Class Certification should be granted.

 Plaintiff Luis Daza filed this action as a putative collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b) ("FLSA"), for overtime compensation and a putative class action under the Florida Minimum Wage Act, Fla. Stat. § 448.110(6)(a) ("FMWA"), for unpaid minimum wages. Only one opt-in plaintiff, Alexander Matos, joined the action. Defendants argue in their Motion that Plaintiffs have failed to present any evidence to support a collective or class action. They further argue that Plaintiffs have failed to file the required motion, per Local Rule 4.04(b), to have a case designated as a class action.

In their response, Plaintiffs indicate that they no longer intend to pursue a collective or class action as they had originally intended, and they concede that the opportunity to move for class certification has passed them by. They nonetheless ask the Court to deny Defendants' Motion to Deny Collective and Class Certification for the sake of judicial efficiency, which will also relieve the Court of the need to evaluate the merits of the Motion.

But Plaintiffs' Response can only be read in one way, and that is as a concession: "Plaintiffs do not seek either collective or class certification but only to litigate the wage claims of two individuals, Luis Daza and Alexander Matos." (Dkt. 70, at 1). Their decision to forego a Rule 4.04(b) motion further supports this reading. The Court therefore sees no reason to evaluate the Rule 23 prerequisites for class certification. The motion will be granted.

The remedy to be employed, however, does require some explanation. Plaintiffs ask the Court to convert opt-in Plaintiff Matos into a named party Plaintiff, but courts in this district are divided on the propriety of this tack. *Compare White v. Kcpar, Inc.*, No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, at *4 (M.D. Fla. June 20, 2006) (converting two opt-in plaintiffs to named plaintiffs); and *Alfonso v. Straight Line Installations, LLC*, No. 6:08-cv-1842-Orl-35DAB, 2010 WL 519851, at *1 (M.D. Fla. Feb. 10, 2010) (construing plaintiffs' motion to add party plaintiffs as a motion for leave to amend complaint, and granting it); with *McGlathery v. Lincare*, No. 8:13-cv-1255-T-23TBM, 2014 WL 1338610, at *4 (M.D. Fla. Apr. 3, 2014) (criticizing these approaches and dismissing claims of opt-in plaintiffs without prejudice).

2

Almost certainly, this lack of uniformity derives, in part, from three factors: 1) a district court's broad, "inherent authority to manage its own docket," *Wilson v. Farley*, 203 Fed.Appx. 239, 250 (11th Cir. 2006) (citations omitted); 2) district courts' sensitivity to the FLSA as "a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction," *Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003); and 3) the fact that the Eleventh Circuit has never supplied binding precedent on how to treat opt-in plaintiffs who, like Plaintiffs here, never move for class or collective certification. *See McGlathery*, 2014 WL 1338610 at *3.

That is not to say that the Eleventh Circuit has not provided guidance. In *Hipp v. Liberty National Life Insurance Company*, the court reviewed a decision from this district to certify an opt-in class of former insurance company managers under the same opt-in statute at issue here, 29 U.S.C. §216(b). 252 F.3d 1208, 1218-19 (11th Cir. 2001). There, the Eleventh Circuit recommended that district courts use a two-tiered approach to evaluating the propriety of class certification. *Id*. at 1219. The first tier is a "notice stage," based on pleadings and affidavits, and its primary purpose is to provide notice to potential class members. *Id*. at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). The standard is therefore "fairly lenient." *Id*. The second tier, generally triggered by a motion to decertify, requires a more rigorous evaluation of whether the plaintiffs are in fact "similarly situated" as required by the statute. *Id*. at 1219. The court applied an abuse of discretion standard and ultimately affirmed the district court's decision to certify the class, even though some of the plaintiffs worked in different offices in different regions. *Id*. But the court also concluded that, upon a finding in tier two that

plaintiffs were not similarly situated, "[i]t may have been prudent for the district court in this case to have decertified the class upon defendant's motion." *Id*.

Given this kind of fact-specific, more rigorous evaluation that takes place in tier two, *Hipp*'s prudential guidance to the district courts was clear: the opt-in plaintiffs in *Hipp*—had the district court chosen to decertify them—could have never been converted into named Plaintiffs. They would have been dismissed. *See McGlathery*, 2015 WL 1338610 at *3 (reasoning that this *Hipp*-modeled, tier-two decertification functions as a dismissal of the opt-in plaintiffs without prejudice).

One case in this district has applied *Hipp* to plaintiffs who get decertified for having failed to move for class certification. *McGlathery*, 2015 WL 1338610 at *3-4. In *McGlathery*, also an FLSA case, the plaintiff abandoned collective action and instead asked the court to convert the opt-in plaintiffs to named plaintiffs. 2015 WL 1338610, at *1. Focusing on *Hipp*'s two-tiered certification evaluation, the court concluded that no authority permits a conversion as a matter of course. *Id*. at *1-2. What *Hipp* authorizes, the court concluded, is dismissal of the opt-in plaintiffs without prejudice. *Id*. at *4 (citing courts in other districts that have agreed). The fact that decertification was for simply failing to move for certification should have no bearing on the remedy.

This case is a lot like *McGlathery*. And the Court agrees with that court's reading of the opt-in statute and *Hipp*.[1] Plaintiff Daza never moved for collective or class

---

[1] The Court does not read the holdings of *Hipp* or *McGlathery* as prohibiting Plaintiff Daza from seeking leave to amend his complaint to add party plaintiffs, provided that such a course of action comports with the Federal Rules of Civil Procedure and other applicable law.

certification and has "abandoned" that method. Defendants' motion must therefore be granted. Further, the Court concludes that the appropriate remedy is dismissal without prejudice.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Deny Collective and Class Certification (Dkt. #62) is **GRANTED**.

2. Opt-in Plaintiff Alexander Matos is **DISMISSED WITHOUT PREJUDICE**.

3. Those portions of the Amended Complaint (Dkt. #11) alleging collective or class actions are **STRICKEN**.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of September, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3259 class cert.docx